Dennis R. WILKINSON and Cheryl A.
Wilkinson, Plaintiffs/Appellants,

v.

Robert L. DWIGGINS and Judy Dwig-
gins, Defendants/Respondents.

No. ED 80003.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 23, 2002.

Patricia H. Thomas, UAW–GM Legal
Services Plan, Lake St. Louis, MO, for
Appellants.

William W. Cheeseman, Troy, MO, for
Respondents.

PAUL J. SIMON, Judge.

Dennis R. Wilkinson and Cheryl A. Wil-
kinson, plaintiffs, appeal the portion of the
judgment on their claim of Implied War-
ranty of Habitability and Fitness for Con-
tracted Use (count II) of a newly built
home regarding its septic system, entered
in favor of defendants Judy Dwiggins and
Robert L. Dwiggins, owners of B & B
Construction Company. In its judgment,
the trial court found in favor of defendants
on count I, Breach of Contract, count III,
Negligence and count IV, Misrepresenta-
tion. Regarding count II, the trial court
found in favor of plaintiffs against defen-
dant, Robert Dwiggins, and in favor of
defendant, Judy Dwiggins, for Breach of
Implied Warranty for $150 for repair of a
wall crack plus $500 for a chimney exten-
sion, and, as to the septic system, the trial
court found in favor of the defendants.
Plaintiffs' appeal in this non-jury trial is
directed solely to the trial court's judg-
ment in favor of the defendants as to the
septic system. Judgment affirmed in part
and reversed and remanded in part.

On appeal, plaintiffs contend that the
trial court erred in finding that State and
County regulation of septic systems re-
moved builder liability under a theory of
implied warranty because the regulation of
on-site disposal systems are minimum

standards to protect the public health and safety and does not remove builder discretion and implied warranty that the septic system would be reasonably fit for its ordinary purpose. We affirm in part and reverse and remand in part.

■ Our standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Accordingly, a judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

The evidence, in the light most favorable to the judgment, reveals that on August 8, 1997, plaintiffs and defendants entered into a Residential Sale Contract (contract) for a speculation (spec) home and the lot on which it was built and sold by defendants, Robert and Judy Dwiggins. Approximately one hour before closing, plaintiffs learned that some of the septic lateral lines were on the neighbor's property. With defendant Robert Dwiggins' assurance that the lateral lines would be removed and certain other repairs made, as set out in an addendum to the contract, plaintiffs purchased the property. Within a month of moving into the home, plaintiffs noticed seepage above ground from the septic system and promptly notified defendant Robert Dwiggins who sent his subcontractor, G.M. Hartley, to make repairs. Mr. Hartley noted tractor tracks running across the lateral drain field. He told the plaintiff that he believed that the sewage system had been run over by the tractor, resulting in a broken pipe that would cause excessive discharge. Adjustments to the valves were made and a broken manifold replaced. The lateral lines that ran on the neighbor's property were capped off and eventually removed with additional lines added in replacement. Despite the repairs, effluent continued to leak above ground.

At trial, the defendants presented expert testimony as to the cause of the leakage. Rick Wilcockson, the former administrative authority on the application enforcement of the Lincoln County Sewage Ordinance, under whose direction the subject system was installed, testified as to a number of possible causes for a system failure including the aforementioned tractor tracks and manifold valve tampering. He testified that the system, as installed was serviceable absent some other causation. He also noted additional sources for the noted system failure such as chemicals in the system placed by the homeowner and clogging of the field from over saturation.

Mr. Wilcockson also testified that under the Missouri Department of Health Rules, no one can guarantee a particular warranty from the State. "No guarantee or warranty is implied or given that a sewage treatment and disposal system will function in a satisfactory manner for any specific period of time." He further testified that except for the manufacturer's warranties on specific parts, there was never a guarantee that it would not leak.

The plaintiffs' expert, Brett Seiffert, an environmental specialist with the health department, testified that soil compaction, by driving a tractor over a drain field, can cause system failure. However, the plaintiff testified that he did not drive a tractor over the lines to cause the leak, since he did not own a tractor at the time the leakage began. On the other hand, he did admit that he had a "little" riding mower that he had used in that area. Defendants' expert, Mr. Wilcockson, stated that even a riding lawn mower could cause soil compaction resulting in leakage.

Plaintiff further testified that septic lines had been placed on his neighbor's

property and were removed by the defendant and new lines were installed on plaintiffs' property. These lines were not alleged to have been driven over, but plaintiff testified that these new lines also leaked. In addition, Plaintiff was given a manual on proper maintenance of the septic system, which he claimed he followed.

In its judgment regarding the septic system, the trial court denied an award of damages under a theory of implied warranty, finding:

> Now to the septic system: The government through State and County law and regulation administered in this case by the departments of health have taken all discretion other than selection of a type of system from the government list furnished on a per case basis. The government then disclaims any guarantee written or implied that the system will work. The builder must follow the government instruction and in the process submit to inspection at various times during the construction. Therefore the builder having had all decision making authority stripped from him can imply nothing of a sewer.

■ In their sole point on appeal, plaintiffs contend that the trial court erred in finding that State and County regulation of septic systems removed builder liability under a theory of implied warranty. Plaintiffs argue that the regulation of on-site disposal systems are minimum standards to protect the public health and safety and does not remove builder discretion and implied warranty that the septic system would be reasonably fit for its ordinary purpose.

Our Supreme Court, in *Smith v. Old Warson Development Co.,* 479 S.W.2d 795 (Mo. banc 1972), departed from the strict rule of caveat emptor, holding that the original purchaser of a new home may recover from a builder-vendor for losses or damages stemming from latent structural defects. Id. at 799. The Court found that regardless of whether the latent defects in the new home resulted from the actions of the builder-vendor or an independent contractor is immaterial in connection with a complaint by a first purchaser based upon a theory of implied warranty. Id. at 800.

Subsequently, in *San Luis Trails Ass'n v. E.M. Harris Bldg. Co. Inc.* 706 S.W.2d 65, 68–69 (Mo.App. E.D.1986), a case involving allegedly defective streets constructed by a developer, we held that the implied warranty exception to the rule of caveat emptor in real estate transactions does not apply to an improvement outside the house which is not an integral part of the structure or immediately supporting it.

Our colleagues in the Western District, in *Trien v. Croasdale Const. Co. Inc.* 874 S.W.2d 478, 479–480 (Mo.App. W.D.1994), addressed the issue of implied warranty as to septic system. Trien (homeowners) had contracted with Croasdale Construction Company to build a house and filed an action against Croasdale when the septic tank failed to perform its sewage disposal function and as a result affluent surfaced. Id. at 480. Croasdale attempted to avoid liability by claiming that it was merely a contractor building a house according to the specifications furnished by Trien. However, there were no specifications in the contract as to the septic system other than the provision that the system comply with the standards of Platte County Health Department. Id. Trien left the design, construction and approval of the septic system to the expertise of Croasdale. The health department approved the design and installation in reliance on percolation tests performed by Croasdale. Id. Our colleagues in the Western District found that the submission of the breach of implied warranty of fitness for a particular use was proper and was supported by

sufficient evidence. Thus, the court found that the submission of implied warranty was proper even though the septic design and installation was approved by Platte County Health Department.

Here, plaintiffs purchased their home, which was a "spec" home, already built by defendants with the septic system in place and approved by the Lincoln County Health Department. Therefore, in accordance with the principles set forth in *Smith v. Old Warson Development Co.*, *San Luis Trails Ass'n v. E.M. Harris Bldg. Co. Inc.* and *Trien v. Croasdale Const. Co. Inc.*, we find that the trial court erred in concluding that the state and county regulations stripped defendant builders of all decision making authority and thus blocked the enforcement of an implied warranty of habitability and fitness for contracted use as to a newly constructed house.

Defendants, in their brief, concede this point, but contend that the trial court did not err in its judgment, as there was substantial evidence of intervening causation for the failure of the on-site sewage disposal system. Defendants argue that under the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc.1976), this court should sustain the trial court because there is substantial evidence supporting the decision. Defendants argue that we should affirm the judgment even though the trial court erred in finding that the implied warranty could not be enforced. The trial judge did not make any factual findings as to the cause of the septic system's failure. Therefore, we will not address the evidence. Thus, the judgment as to the septic system must be reversed and remanded for further proceedings in accordance with this opinion. We affirm the judgment in all other respects.

Judgment affirmed in part and reversed and remanded in part.

GARY M. GAERTNER, P.J. and CLIFFORD H. AHRENS, J., concur.